**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **SPORT CITY, INC.** | **CIVIL ACTION NO.: 5:14-CV-03322-SMH-MLH** |
| **VERSUS** | **JUDGE: S. MAURICE HICKS** |
| **TRAVELERS INSURANCE COMPANY** | **MAGISTRATE: JUDGE MARK L. HORNSBY** |

# THE TRAVELERS INDEMNITY COMPANY'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Defendant, The Travelers Indemnity Company ("Travelers"), incorrectly named as Travelers Insurance Company, and files this Motion for Summary Judgment seeking dismissal with prejudice of the claims filed against it by plaintiff, Sport City, Inc. ("Plaintiff"). Plaintiff seeks to recover against Travelers for damage to its building allegedly sustained during a 2013 weather event, along with bad faith penalties.

Travelers' Motion for Summary Judgment has three components. First, Travelers seeks confirmation of the appraisal award issued in July of 2014 insofar as it sets the Actual Cash Value and Replacement Cost Value for the damage to Plaintiff's building. Travelers does not contest that the *value* of the damage to the building as set forth in the appraisal award is correct. However, according to settled Louisiana case law, Travelers still has the right to challenge whether the damages were caused by a covered cause of loss. Thus, Travelers also seeks a ruling that, although the appraisal award is being confirmed as to the value of the damage, Travelers is still entitled to challenge causation and coverage after the appraisal award is confirmed.

Second, Travelers seeks dismissal of Plaintiff's policy-based claims against it on the ground that Travelers has paid Plaintiff for all *covered* damages. Travelers issued payment for the covered damages found in the initial inspections, and thereafter issued a supplemental payment for the covered damages enumerated in the appraisal award. Plaintiff’s remaining unpaid damages were not caused by a covered cause of loss, as explained in the report issued by Nelson Architectural Engineers, Inc. Plaintiff has no evidence to contradict the findings set forth in this expert report.

Finally, in the third part of Travelers' Motion for Summary Judgment, Travelers seeks dismissal of Plaintiff's bad faith claims against it. After Plaintiff’s loss was reported to Travelers, Travelers timely inspected the building and paid the undisputed portion of the damages. Thereafter, Plaintiff demanded appraisal. Travelers promptly appointed its chosen appraiser and participated in the appraisal process as required by the policy. Once the appraisal award was issued, Travelers paid the undisputed portion (for those items damaged by a covered cause of loss) within three weeks of the umpire's ruling. Travelers has a reasonable basis to dispute Plaintiff's remaining damages because they were not caused by a covered cause of loss, so Travelers cannot be in bad faith for failing to tender the additional amounts sought by Plaintiff.

For reasons more fully explained in the accompanying Memorandum, Travelers respectfully seeks summary judgment in its favor: (1) ruling that the appraisal award is confirmed as to the Actual Cash Value and Replacement Cost Value, but that Travelers is still entitled to challenge causation and coverage; (2) dismissing with prejudice Plaintiff’s policy-based claims against Travelers because Travelers has paid all covered damages owed under the policy and the remaining unpaid damages were not caused by a covered cause of loss; and (3)

dismissing with prejudice Plaintiff's bad faith claims against Travelers because Travelers timely paid all undisputed portions of Plaintiff's claim.

Respectfully Submitted by:

*/s/Heather N. Sharp* __________________________
Seth A. Schmeeekle (La. Bar No. 27076)(T.A.)
Heather N. Sharp (La. Bar No. 29987)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
9311 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70810
Telephone: (504) 588-1990
Fax: (504) 310-9195
Email: sschmeeckle@lawla.com; hsharp@lawla.corn
*Attorneys for The Travelers Indemnity Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2015, a copy of this pleading has been served on all known counsel of record via the Court's CM/ECF filing system.

*/s/Heather N. Sharp*
Heather N. Sharp